## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

JASWINDER SINGH, *on behalf of himself and all those similarly-situated*,

        Plaintiff,

v.

UBER TECHNOLOGIES, INC.,

        Defendant.

Case No. _____

Judge _____

Removed from Superior Court of New Jersey, Monmouth County
Civil Action No. L-1464-16

## NOTICE OF REMOVAL

Defendant Uber Technologies, Inc. ("Uber"), hereby removes this action from the Superior Court of New Jersey, Monmouth County to the United States District Court for the District of New Jersey under 28 U.S.C. §§ 1332(a)(1), 1332(d), 1441, 1446, and 1453.[1] In support of this Notice of Removal ("Notice"), Uber states as follows:

## I.    PROCESS, PLEADINGS, AND ORDERS

1.    Plaintiff Jaswinder Singh ("Mr. Singh" or "Plaintiff") filed a Complaint on or about April 22, 2016, designated Civil Action No. L-1464-16 in the Superior Court of New Jersey, Monmouth County, Law Division. Mr. Singh's Complaint is attached as Exhibit A.

2.    Mr. Singh served Uber with a Summons and a copy of the Complaint on April 29, 2016. A true and correct copy of the Service of Process transmittal verifying service on Uber is attached hereto as Exhibit B.

3.    The Complaint alleges violations of the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law asserting that Uber made constructive deductions from Mr.

---

[1] By removing this action to the District of New Jersey, Uber does not waive its right to move the Court to Dismiss the case pursuant to the Federal Arbitration Act because of valid and binding arbitrations agreements entered into by Plaintiff.

Singh's pay, failed to properly pay overtime compensation, and failed to pay earned wages. (Compl., ¶¶ 44-54.)

4.      Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings and orders served upon Uber or filed or received in this action by Uber.

**II.      VENUE**

5.      Because the New Jersey Superior Court, Monmouth County lies in the District of New Jersey, this Court is the appropriate venue for removal.  *See* 28 U.S.C. §§ 118(a) and 1441(a).

**III.      DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(a)**

6.      Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

**A.      Diversity Of Citizenship Exists**

7.      For diversity purposes, an individual is a citizen of the state in which he or she is domiciled with the intent to remain.  *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008).   To be domiciled in a state, a person must reside there and intend to remain indefinitely.  *See Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972).  A person may only have one domicile, and thus, may be a citizen of only one state for diversity jurisdiction purposes.  *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).  Mr. Singh alleges that he is a citizen of the State of New Jersey and a resident of Monmouth County.[2]  (Compl., ¶ 3.) Accordingly, Mr. Singh is a citizen of the New Jersey for purposes of diversity jurisdiction.

8.      For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it was incorporated and the state where it has its principal place of business.

---

[2] Mr. Singh alleges that he resides in Hazlet, New Jersey, which is in Monmouth County.

28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is its "nerve center" – the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

9.       Defendant Uber is incorporated in the State of Delaware, and its principal place of business is San Francisco, California.  Accordingly, Uber is a citizen of Delaware and California, and not New Jersey, for diversity purposes.  *See* 28 U.S.C. §§ 1332(a)(1), (c)(1).  In support of these assertions, the Declaration of Michael Colman, an Operations Specialist with Uber, is attached as Exhibit C (hereinafter "Colman Decl.").

**B.       The Amount In Controversy Exceeds $75,000**

10.      Pursuant to 28 U.S.C. § 1446(c), Uber need only establish by a preponderance of evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.

11.      Mr. Singh's Complaint does not allege a specific amount in controversy, but states that, in addition to interest and attorneys' fees, he seeks to recover compensation for "all pay and benefits" he alleges was illegally withheld as well as "all other equitable and legal relief . . . ."  (Complaint, pp. 8-9 [Request For Relief].)

12.      Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000.  *See* 28 U.S.C. § 1446(c)(2)(A).

13.      For jurisdictional purposes, "determining the amount in controversy begins with a reading of the complaint filed in the state court."  *See Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).  The court, however, does not merely accept a plaintiff's

contentions regarding the amount in controversy, but is required to analyze the legal claims to determine if a plaintiff's actual monetary demands exceed the $75,000 threshold. *Morgan v. Gay*, 471 F.3d 469, 474-75 (3d Cir. 2006).

14.    Although Uber denies the validity and merit of Mr. Singh's claims and allegations, and denies that Mr. Singh is entitled to any relief, Mr. Singh's claims establish an amount in controversy in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs.

15.    For example, Mr. Singh alleges that he "worked for Defendant" from "August 18, 2014 to on or about September 21, 2015."  (Compl., ¶ 20.)  During that time, he alleges that he was required to pay for "most of the expenses of his employment, including expenses for his vehicle, gas, tolls, mobile phone, and other expenses. . . ." (*Id.*, ¶ 25.)  Accordingly, if Mr. Singh were to recover on his claim for constructive deductions, where he seeks reimbursement for the aforementioned expenses and in which he believes he and his fellow class members should be reimbursed by Uber for these expenses, the amount of damages sought would be significant. (*Id.*, ¶¶ 44-48.)

16.    Mr. Singh further alleges that he "regularly worked at least 60 hours per workweek." (*Id.*, ¶ 38.)  Mr. Singh claims that "Defendant did not pay [him] any additional compensation in the form of an overtime premium of one and one-half times [his] regular rate for the hours he worked in excess of 40 hours in a workweek." (*Id.*, ¶ 39.)  Mr. Singh does not make a claim for failure to pay minimum wage, therefore, the Court can assume that he earned at least $8.25 or $8.38 as a regular rate.[3]  Because Mr. Singh alleges that he worked "at least 60 hours

---

[3] In New Jersey, the minimum wage was $8.25 per hour in 2014.  Beginning January 1, 2015, the minimum wage rate was increased to $8.38 per hour.

per week," at a minimum the Court can assume that he alleges he worked 20 hours of overtime per week and was not paid for the same. Thus, at the very least, if Mr. Singh were to recover on his claim for unpaid overtime, he would recover $14,329.80.[4]

17.     Accordingly, the amount in controversy with respect to three of Mr. Singh's claims is at least $14,004.30 and likely much greater after factoring in the sums he seeks for business expenses.

18.     Additionally, Mr. Singh seeks attorneys' fees, which must also be taken into account when determining whether the amount in controversy is met. *Frederico v. The Home Depot*, 507 F.3d 188, 199 (3d Cir. 2014); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) (holding that "attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action") (citing to *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933)).

19.     In *Raspa v. The Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007), the complaint was similar to the Complaint in this case. There, as here, plaintiffs did not state an exact sum sought in the complaint, but they demanded attorneys' fees and the court found that attorneys' fees "alone can exceed six figures." *Id.* Since Plaintiff is seeking attorneys' fees and such fees can exceed six figures, Mr. Singh is seeking an amount in controversy over the $75,000 jurisdictional minimum. *See id.*

---

[4] For the period of August 18, 2014 through December 31, 2014: $8.25 X 1.5 [overtime premium] X 20 hours of overtime per week X 19 weeks = $4,702.5. For the period of January 1, 2015 through September 21, 2015: $8.38 per hour X 1.5 [overtime premium] X 20 hours of overtime per week X 37 weeks = $9,301.80. Therefore, in total for the period Mr. Singh performed services using the Uber platform, he seeks, at a minimum, $14,004.30.

20.    Based on the foregoing and taking into consideration Mr. Singh's claims for attorneys' fees, Mr. Singh's claims exceed $75,000.   Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## IV.    CAFA JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(d)

21.    Removal jurisdiction also exists because this Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).   CAFA grants federal district courts original jurisdiction over civil class action lawsuits in which any plaintiff is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).   CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.   As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice.   Specifically, this Court has jurisdiction over this case under CAFA because it is a putative civil class action where: (1) the proposed class contains at least 100 members; (2) Uber is not a state, state official, or other governmental entity; (3) there is diversity between at least one class member and Uber; and (4) the amount in controversy for all class members exceeds $5,000,000.00.

22.    As a preliminary matter, Mr. Singh purports to bring this case as a class action on behalf of himself and all others similarly situated pursuant to Rule 4:32 of the New Jersey Rules of Civil Procedure.   This Rule authorizes an action to be brought by one or more representative persons as a class action.   As such, this action is properly considered a putative class action under CAFA.

### A.    The Proposed Class Contains At Least 100 Members

23.    Mr. Singh defines the putative class as "all individuals . . . who worked or work at Defendant as drivers" and "all individuals who work or worked at Defendant as UberX drivers"

in New Jersey during the past six years. (Compl., ¶¶ 8, 9.)  Mr. Singh alleges that the class is potentially comprised of "several hundred" individuals.  (*Id.*, ¶ 10.)  Accordingly, the putative class contains more than 100 members.

### B.    Defendant Is Not A Governmental Entity

24.    Uber is incorporated in the State of Delaware, and maintains a principal place of business in San Francisco, California.  Uber is not a state, state official or any other governmental entity.  (Colman Decl., ¶ 2.)

### C.    Plaintiff's Citizenship Is Diverse From Defendant's Citizenship

25.    CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of Plaintiffs is a citizen of a State different from any defendant."  *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453(b).  As addressed above, Mr. Singh is a citizen of the State of New Jersey and Uber is a citizen of Delaware and California.  Accordingly, diversity of citizenship exits.

### D.    Amount In Controversy

26.    Uber needs only to establish that Mr. Singh's claims and the claims of the putative class exceed the jurisdictional minimum.  The Act authorizes the removal of putative class actions in which, among the other factors mentioned above, the aggregate amount in controversy for all class members exceeds five million dollars ($5,000,000.00).  Although Uber denies the validity and merit of Mr. Singh's claims and allegations, and vigorously denies that (i) Mr. Singh and the putative class members are entitled to any relief, and (ii) Mr. Singh is a representative of the putative class, the damages claimed exceed the jurisdictional minimum.

27.    For example, assuming that Mr. Singh's claims are representative of the putative class (which, as stated above, Uber disputes), each class member would seek an average of at least $14,004.30 in damages arising from Mr. Singh's overtime claim.  In other words, the

amount in controversy as to Mr. Singh's overtime claim totals at least $4,201,290.00 for the class.[5]

28.    Where requested in the complaint, attorneys' fees must also figure into calculating the amount in controversy under CAFA.  *Alegre v. Atl. Cent. Logistics*, No. 15-2342, 2015 U.S. Dist. LEXIS 100214, at *16-17 (D.N.J. July 31, 2015) (citing *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997)).  The median in the Third Circuit for attorneys' fees in class actions is roughly 30% of a common fund.  *Id.* at *17; *see also Faltaous v. Johnson and Johnson*, No. 07-1572, 2007 U.S. Dist. LEXIS 99473, at *31-32 (D.N.J. Oct. 11, 2007) ("[A]ttorneys' fees of approximately 30 percent . . . are also regularly awarded in labor and employment law class actions.") (quoting *Lenahan v. Sears, Roebuck & Co.*, No. 02-0045, 2006 U.S. Dist. LEXIS 60307, at *64 (D.N.J. July 10, 2006)).  It is thus reasonable to assume 30% attorneys' fees recovery in calculating the amount in controversy under CAFA.  *Alegre*, 2015 U.S. Dist. LEXIS 100214, at *18.

29.    Mr. Singh has requested attorneys' fees in his Complaint.  (Compl., p. 8.)

30.    A recovery of 30% attorneys' fees here amounts to $1,260,387.00.[6]

31.    Accordingly, for the overtime claim alone, the amount in controversy is $5,461,677.00.[7]

32.    Based on the foregoing, the CAFA amount in controversy requirement is satisfied here, even without taking into consideration Mr. Singh's claims for reimbursement of expenses.

---

[5] 300 potential putative class members (since Mr. Singh defined the class as "several hundred") X $14,004.30 = $4,201,290.00
[6] $4,201,290.00 [alleged unpaid overtime] X .30 = $1,260,387.00.
[7] $4,201,290.00 [alleged unpaid overtime] + $1,260,387.00 [attorneys' fees based on alleged unpaid overtime] = $5,461,677.00

## V.    COMPLIANCE WITH PROCEDURAL REQUIREMENTS

33.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed on May 22, 2016, which is within thirty days of Uber's receipt of the Complaint.

34.    In accordance with 28 U.S.C. § 1446(d), Uber has filed this Notice with this Court, are serving a copy of this Notice upon counsel for Mr. Singh, and are filing a copy of this Notice in the New Jersey Superior Court, Monmouth County.

35.    Uber reserves the right to submit further evidence supporting this Notice should Mr. Singh move to remand.

## VI.   CONCLUSION

**WHEREFORE**, having fulfilled all statutory requirements, Uber prays the instant action pending against them in the New Jersey Superior Court, Monmouth County, be removed to this Court and request that this Court assume full jurisdiction over this matter as provided by law.

Respectfully submitted,

Williams J. Simmons
Paul C. Lantis
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 – telephone
267.402.3131 – facsimile
wsimmons@littler.com
plantis@littler.com

*Attorneys for Defendant*

Dated: May 27, 2016

UBER TECHNOLOGIES, INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

JASWINDER SINGH, *on behalf of himself*
*and all those similarly-situated*,                    :
                                                       :
                                                       :       Case No. _____
                Plaintiff,                             :
                                                       :       Judge _____
        v.                                             :
                                                       :       Removed from Superior Court of New
UBER TECHNOLOGIES, INC.,                               :       Jersey, Monmouth County
                                                       :       Civil Action No. L-1464-16
                Defendant.                             :
                                                       :
                                                       :

## NOTICE TO ADVERSE PARTIES OF REMOVAL AND CERTIFICATE OF NOTICE TO THE SUPERIOR COURT, MONMOUTH COUNTY

Pursuant to 28 U.S.C. § 1446(d), Defendant hereby gives written notice to Plaintiff that a notice of removal based upon diversity jurisdiction under 28 U.S.C. § 1332(a) and original jurisdiction through the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), was filed in the above-captioned matter on May 27, 2016. Defendant, through counsel, also certifies that a notice of said filing and a copy of the notice of removal were caused to be filed with the Superior Court of New Jersey, Monmouth County on May 27, 2016.

Respectfully submitted,

Williams J. Simmons
Paul C. Lantis
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 – telephone
267.402.3131 – facsimile
wsimmons@littler.com
plantis@littler.com

*Attorneys for Defendant*

Dated:  May 27, 2016                    UBER TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

I, Paul C. Lantis, hereby certify that I caused a true and correct copy of the foregoing notice of removal, corporate disclosure statement, Local Rule 11.2 Certification, and ancillary documents, to be served via first class mail, postage prepaid, upon.

Matthew D. Miller, Esquire
Justin L. Swidler, Esquire
Richard S. Swartz, Esquire
Swartz Swidler, LLC
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034

Dated: May 27, 2016

Paul C. Lantis